**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| MARIA BISPO, | * |
| | *    COMPLAINT |
| Plaintiff | * |
| | * |
| v. | * |
| | *    JURY TRIAL DEMANDED |
| CAPIO PARTNERS, | * |
| | * |
| Defendant | * |

## COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Capio Partners ("Capio") is a law firm that specializes in the collection of debts, and is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt allegedly owed by Plaintiff. Its principal place of business is located at 2222 Texoma Pkway, Suite 150, Sherman, TX 75090.

## FACTUAL ALLEGATIONS

6. In January of 2011, Plaintiff incurred a financial obligation that were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5); namely, a medical bill with Southwest Ambulance of Tucson.

7. On June 28, 2011, the Plaintiff sought protection from her creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. (Case No. 11-23342)

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Capio Partners LLC" for an account ending in 6738. A copy of the filed Schedule F is attached as **Exhibit A**.

9. On or about June 30, 2011, Defendant was electronically notified of Plaintiff's bankruptcy and the Bankruptcy Noticing Center certified the same. A copy of the certification is attached as **Exhibit B**.

10. Plaintiff also alleges that on or before June 30, 2011, Plaintiff's bankruptcy was reported to bankruptcy monitoring services including, but not limited to, BANKO, AACER, and MERLIN.

11. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

12. On or about September 22, 2011, Defendant sent a letter to Plaintiff attempting to collect on a debt owed to Southwest Ambulance of Tucson, Inc.; an account ending in 6738; the same debt included in Plaintiff's bankruptcy. A copy of this letter is attached as **Exhibit C**.

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

    (1) The plaintiff has been the object of collection activity arising from consumer debt;

    (2) The defendant is a debtor collector as defined by the FDCPA; and

    (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

16. Here, all elements are present, satisfied, and cannot be disputed.

17. Defendant's aforementioned lawsuit to collect on a debt while Plaintiff was in bankruptcy was a direct violation of 15 U.S.C. §§ 1692(e), 1692e(2)(a), 1692e(10), 1692f, & 1692f(1).

21. As a result of Defendant's actions, the Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged

22. Plaintiff had filed bankruptcy specifically to gain relief from her creditors and to stop these kinds of collection efforts.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 9th day of November, 2011;

MARIA BISPO

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com